REQUESTED BY: Senator Howard L. Peterson Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Peterson:
You have asked for our opinion concerning the constitutionality of LB 182 of the Eighty-Seventh Legislature, First Session, 1981. The same is hereinafter discussed.
If enacted into operative law, LB 182 would adopt a Balanced Treatment for Creation-Science and Evolution-Science Act. Section 2 of the legislative bill contains purported legislative findings that public school presentation of only evolution-science without any alternative model of origins abridges the United States Constitution's protection of freedom of religious exercise and of freedom of belief and speech; that it further abridges the United States Constitution's prohibition against establishment of religion; that it also violated the principle of academic freedom; and that it is not required by any compelling interest of the state. Thus, without more, it is readily apparent that LB 182 contains numerous conclusions of law. The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as expressly directed or permitted. See, Neb. Const. Art. II, § 1.
In State, ex rel. Sorensen, v. State Bank ofMinatare, 123 Neb. 109, 114, 242 N.W. 278 (1932), the court stated:
 French legislators once imprisoned judges for failure to comply with the legislative will. Montesquieu suggested a government with legislative, executive and judicial departments, each independent of the other. The framers of the American Constitution and the people of Nebraska adopted that plan. It has been regarded by statesmen and philosophers as an outstanding advancement in the science of government. Throughout the judicial history of the present system the courts have scrupulously respected the prerogatives of the legislative and executive departments and extended to them the comity due to governmental divisions of equal rank, but courtesy does not extend to the surrendering of judicial power. It is an imperative duty of the judicial department of government to protect its jurisdiction at the boundaries of power fixed by the Constitution.
LB 182, in our opinion, violates Neb. Const. Art. II, 1. It is therefore unnecessary to consider at this time other constitutional issues raised by this legislative bill.
Very truly yours, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General